**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZANE HUBBARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE JUSTICE INSTITUTE ACT OF 1984, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-00613-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF PAY THE FILING FEE FOR THIS ACTION |

Plaintiff Zane Hubbard is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on May 6, 2019. Plaintiff has not paid the $400.00 filing fee or filed an application to proceed in forma paupers. Nonetheless, for the reasons explained below, Plaintiff is not entitled to in forma pauperis status and must pay the filing fee for this action.

**I.**

**LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma

1

pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II.

## DISCUSSION

As a threshold issue before turning to whether the PLRA applies to this case, the Court must examine whether Plaintiff's claim is properly brought in a civil rights action, pursuant to 42 U.S.C. § 1983, rather than in a petition for writ of habeas corpus. In this case, a finding in Plaintiff's favor, i.e., that he is being subjected to sterilization by use of psychosurgery, aversive therapy, shock therapy and computer workgroup technology to compel an involuntary confession of a criminal case, would not necessarily impact the duration of his confinement. Therefore, his claim falls outside of the core of habeas corpus, and is properly brought in a civil rights complaint. See Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).

Turning to the application of the PLRA in this matter, the Court finds that Plaintiff has incurred three or more strikes under section 1915(g) prior to filing this lawsuit. The Court takes judicial notice of the following cases: Hubbard v. CDCR, et al., No. 1:13-cv-00761-MJS (PC) (E.D. Cal.) (dismissed on August 30, 2013, for failure to state a claim) (aff'd on appeal on October 10, 2014); Hubbard v. Mendes, et al., No. 1:13-cv-01078-LJO-MJS (PC) (E.D. Cal.) (dismissed on March 17, 2014, for failure to state a claim); Hubbard v. Lua, et al., No. 14-cv-00351-LJO-SAB (PC) (E.D. Cal.) (dismissed on May 6, 2014, for failure to state a claim); Hubbard v. Corcoran State Prison, et al., No. 1:13-cv-01736-MJS (PC) (E.D. Cal.) (dismissed on May 23, 2014, for failure to state a claim); Hubbard v. Weaver, et al., No. 1:13-cv-01755-MJS (PC) (E.D. Cal.) (dismissed on May 30, 2014, for failure to state a claim); and Hubbard v. Marchak, et al., No. 1: 14-cv-00274-LJO-GSA (PC) (E.D. Cal.) (dismissed on June 4, 2015, for failure to state a claim).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on May 2, 2019. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

The Court finds that Plaintiff's complaint allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1053. Plaintiff contends, in relevant part, that "[t]he City of Kern County, California – Bakersfield through District Attorney James A. Simson has instructed the Director(s) of Correction(s) … and the Secretary of Correction(s) … to sterilize and asexualize me using psychosurgery, aversive therapy, shock therapy, and computer workgroup technology under California(s) Code of Regulations(s), Title 15, Section(s) 3367, 3368, 3369, and 3413(a)(6), and Penal Code Section 502 to compel an involuntary confession of criminal case…." (Compl. at 3.) Based on the allegations in the complaint, Plaintiff has failed to present a plausible claim that he is under imminent danger of serious physical injury. Consequently, Plaintiff is ineligible to proceed in forma pauperis in this action, and he should be required to pre-pay the $400 filing fee to proceed in this case.

## IV.

## CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY ORDERED that a Fresno District Judge be randomly assigned to this action.

Further, it is HEREBY RECOMMENDED that:

1. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting this Findings and Recommendation.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

3

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 8, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE