UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE JUSTICE INSTITUTE ACT OF 1984, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-00613-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 7] |

Plaintiff Zane Hubbard is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration, filed June 7, 2019.

**I.**

**BACKGROUND**

Plaintiff filed the instant action on May 6, 2019. On May 9, 2019, the Magistrate Judge issued Findings and Recommendations recommending that Plaintiff pay the $400.00 filing fee because he has suffered three or more strikes under 28 U.S.C. § 1915(g), and because the complaint did not meet the imminent danger exception he is not entitled to proceed in forma pauperis. The Findings and Recommendations were served on Plaintiff and contained notice that objections were to be filed within

twenty-one days. Plaintiff filed objections on May 23, 2019, along with a motion to proceed in forma pauperis.

On May 29, 2019, the undersigned adopted the Findings and Recommendations in full, denied Plaintiff's motion to proceed in forma pauperis, and directed Plaintiff to pay the $400.00 filing fee in full within thirty days, i.e. on or before June 28, 2019.

As previously stated, on June 7, 2019, Plaintiff filed a motion for reconsideration.

## II.
## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence. . .; (3) fraud . . . by an opposing party, . . .; (4) the judgment is void; (5) the judgment has been satisfied…; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. United States. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.

2

1 See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D.Cal. 1986). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff's objections do not alter the Court's evaluation of the record or the May 9, 2019, Findings and Recommendations. Plaintiff merely expresses his disagreement with the Court's ordering him to pay the filing fee and has not shown imminent danger. However, Plaintiff does not dispute that he has suffered three or more strikes and, as stated in the Findings and Recommendations, Plaintiff has failed to present a plausible claim that he is under imminent danger of serious physical injury. Plaintiff's vague and conclusory allegations fail to demonstrate that he was in imminent danger of serious physical injury at the time he filed this action on May 2, 2019. See Andrews v. Cervantes, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) ("[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative and fanciful"); White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998) ("Vague and utterly conclusory assertions" of harm are insufficient); Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) ("imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate"). Plaintiff fails to present a valid argument or evidence to find that the judicial record of his case filing history is unreliable or wrong. Nor does he present any plausible basis to find that he faced "imminent danger of serious physical injury" at the time he filed his complaint. Andrews v. Cervantes, 493 F.3d at 1055. Accordingly, Plaintiff's motion for reconsideration shall be denied.

///
///
///
///
///
///
///
///

**III.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Court's May 29, 2019, order is denied; and
2. <u>Plaintiff shall submit the $400.00 filing fee in full on or before **June 28, 2019**, or the action will be dismissed</u>.

IT IS SO ORDERED.

Dated: __**June 12, 2019**__       _____/s/ Lawrence J. O'Neill_____
                                                                    UNITED STATES CHIEF DISTRICT JUDGE